UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARCEL RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ABIGAIL BADERTSCHER et al.,<br><br>　　　　　Defendants. | CASE NO. 25-CV-5880-JHC<br><br>ORDER |

# I

### INTRODUCTION

This matter comes before the Court on pro se Plaintiff's ex parte Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. # 2. She asks the Court for immediate relocation to safe housing, anti-retaliation protection, and $50 million in compensatory relief "per quarter." *Id.* at 3. The Court has reviewed the materials filed in support of and in opposition to the motion, the rest of the case file, and the governing law. Being fully advised, the Court DENIES Plaintiff's motion.

//

//

ORDER - 1

## II

### BACKGROUND

According to Plaintiff Darcel Rodriguez, "Defendants have engaged in systemic retaliation across housing, education, employment, fertility, and judicial access." *Id.* at 2. She says she is experiencing "a high-risk pregnancy requiring specialized care" and "[h]ousing failures forced [her] to spend fertility savings on survival; IVF was delayed." *Id.* And "[p]rolonged medical complications further jeopardized fertility." *Id.* at 2–3. So her "losses are irreparable." *Id.* at 3. Plaintiff adds that "[p]ublic interest requires intervention" in these matters. *Id.*

## III

### DISCUSSION

Federal Rule of Civil Procedure 65(b)(1) permits a court to

> issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*See also* LCR 65(b)(1) (issuance of TRO without notice disfavored). Such ex parte temporary restraining orders (TROs) are thus "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). And "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

ORDER - 2

Plaintiff does not meet the requirements imposed by Federal Rule of Civil Procedure 65(b)(1) for an ex parte TRO. She neither (1) presents "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to [her] before the adverse party can be heard in opposition; nor (2) certifies the efforts she has made to give notice to Defendants. *See* Fed. R. Civ. P. 65(b)(1). Instead, she simply says, "Notice would only invite further retaliation and coordinated perjury, requiring chambers relief." Dkt. # 2 at 2. This does not suffice for the Court to issue a TRO without notice to Defendants. *See also Vaughan v. Bank of Am., N.A.*, 2010 WL 3273052, at *1 (S.D. Ala. Aug. 18, 2010) (holding pro se litigant to requirements of Rule 65(b)(1)(B)); *Fryer v. Citimortgage, Inc.*, 2009 WL 4039471, at *1 (D. Minn. Nov. 20, 2009) (same); *Tyler v. Watson*, 2009 WL 1787671, at *1 n.1 (W.D.W. Va. June 23, 2009) (same).

## IV
### CONCLUSION

For all these reasons, the Court denies the ex parte motion for temporary restraining order. Dkt. # 2.

Dated this 26th day of September, 2025.

                                                John H. Chun
                                                United States District Judge