UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARCEL RODRIGUEZ,

                    Plaintiff,

        v.

ABIGAIL BADERTSCHER et al.,

                    Defendants.

CASE NO. 25-CV-5880-JHC

ORDER

This matter comes before the Court sua sponte on pro se Plaintiff Darcel Rodriguez's Complaint.  Dkt # 6.

A complaint filed by any party that seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a) is subject to screening.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).  If a court determines that a complaint filed under 28 U.S.C. § 1915(a) is frivolous, malicious, fails to state a claim, or seeks damages from defendants that are immune from such relief, the court must dismiss the case sua sponte.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B).

To adequately state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff need not provide detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of

ORDER - 1

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Still, when the plaintiff is pro se, a court must "construe the pleadings liberally and afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Even under a liberal construction of the Complaint, Plaintiff fails to state a claim for relief.  The Complaint does not include any specific facts that show that Plaintiff is entitled to the relief they seek.  Instead, it includes only vague assertions and conclusory statements.  For example, Plaintiff accuses Defendants of "civil rights violations, housing discrimination, ADA and FHA violations, retaliation, defamation, malicious prosecution, interference with education and employment, fertility interference, personal injury, intentional infliction of emotion distress, and other related claims" but does not allege facts to demonstrate such violations.  Dkt. # 6 at 26; *see* Dkt. # 8 at 19 (listing each defendant with a conclusory fact, e.g. "Shamus Smith (contradictory statements)").

For the single incident Plaintiff does allege more specific facts, there is no basis in law or showing of why they should be entitled to relief.  Plaintiff alleges that an unidentified individual left a "handwritten note" on their vehicle that "referenced Plaintiff's use of a particular parking space and made remarks about Plaintiff's disability status," but does not provide a legal basis for holding Bremerton Housing Authority (BHA) or any other defendant accountable for such an incident.  Dkt. # 8 at 8.  Even if BHA or any other defendant could be held responsible, Plaintiff does not explain how this incident may support a $50 million per quarter compensatory award, including the forced purchase of a multi-million-dollar home.  Dkt. # 8 at 9, 19.  Given these deficiencies, Plaintiff has not stated a claim for which relief may be granted.  Accordingly, the Court must dismiss Plaintiff's claims.

ORDER - 2

For these reasons, the Court DISMISSES Plaintiff's Complaint without prejudice under 28 U.S.C. § 1915(E)(2)(B)(ii). Dkt. # 6. The Court GRANTS Plaintiff leave to amend, if they wish, within 14 days of the filing of this Order. If Plaintiff files a timely amended complaint and it does not meet the pleading standards, the Court will dismiss the matter with prejudice.

Dated this 3rd day of February, 2026.

John H. Chun
United States District Judge

ORDER - 3